# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, | |
| Plaintiff, | |
| v. | 1:12-cv-0372-WSD |
| MAYRA CASTILLO, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Allstate Property and Casualty Insurance Company's ("Plaintiff" or "Allstate") Motion for Default Judgment against Defendant Mayra Castillo ("Defendant" or "Castillo") [4].

## I.     BACKGROUND

This is the second of two actions in this Court[1] concerning an insurance coverage dispute arising from a May 9, 2010, accident at a home owned by Castillo ("the Property") and insured by Allstate ("the Policy" [1.3]).[2] On September 29, 2010, Jenifer Obando and Angel Martinez filed suit against Castillo

---
[1] Allstate v. Castillo, No. 1:11-cv-0953-WSD ("First Action"); Allstate v. Castillo, No. 1:12-0372-WSD ("Second Action" or "Current Action").
[2] Policy No. 921277902.

in the State Court of Gwinnett County, Georgia ("Underlying Lawsuit"),[3] for injuries sustained by their daughter, Alejandra and Angel Martinez as a result of the May 9, 2010, accident.

A.  The First Action

On March 25, 2011, Allstate filed its petition in the First Action seeking declaratory judgment that: (1) Allstate is not obligated to provide coverage, indemnification or a defense to Castillo under the Policy for any or all claims arising out of the May 9, 2010, accident, including the claims alleged in the Underlying Lawsuit; and that (2) Allstate does not have a duty to provide medical payments coverage to Alejandra and Angel Martinez based on the May 9, 2010, accident. (First Action, Doc. 1). Allstate argued that it is not obligated to provide coverage because the May 9, 2010, accident arose out of Castillo's rental of the Property to the Martinez Family,[4] which constitutes a business activity, and is therefore specifically excluded from coverage under the terms of the Policy.

On January 13, 2012, the Court granted Allstate's motion for summary judgment against Obando and Martinez. (First Action, Doc. 30). The undisputed facts were that, at the time of the May 9, 2010, accident: Castillo owned the

---

[3] Obando v. Castillo, Civil Action No. 10C-13459-1.
[4] The Martinez Family consists of Castillo's aunt and uncle, Irma and Candelario Martinez Sr., and their children, one of whom is Angel Martinez. At the time of the accident, Angel was not living at the home.

2

Property; the Martinez Family had continuously lived at the Property and used it for their personal benefit and enjoyment, including hosting the May 9, 2010, party that resulted in the injuries to Angel and Alejandra Martinez; that Castillo had entered into a lease with the Martinez Family; and that rent was required to be paid to Castillo for rental of the home. The Court found that the agreement between Castillo and the Martinez Family constitutes "rental" of the Property, and thus a business activity under the Policy. The Court entered summary judgment for Allstate against Obando and Martinez, but dismissed the First Action against Castillo because it appeared from the record that Allstate failed to serve Castillo as required by Federal Rule of Civil Procedure 4(m).[5]

B.     The Current Action

On February 3, 2012, Allstate filed its Petition [1] against Castillo in this action. Allstate again seeks declaratory judgment that it is not obligated to provide coverage, indemnification or a defense to Castillo under the Policy for any or all claims arising out of the May 9, 2010, accident, including the claims alleged in the Underlying Lawsuit. Allstate asserts that Castillo's act of renting the property excludes coverage under the Policy's business activity exception.

---

[5] The Court notes that Plaintiff filed waivers of service in the First Action, executed by Obando and Martinez. Plaintiff did not file a waiver or affidavit of service for Castillo, and Castillo did not answer or respond to any motions filed in the First Action.

3

On February 16, 2012, Allstate personally served Castillo with its Petition and Summons [3]. As of the date of this Order, Castillo has not answered or otherwise responded to Allstate's Petition.

On March 27, 2012, Allstate moved for default judgment against Castillo [4], and the Clerk of Court issued an entry of default. In support of its motion, Allstate submits the Affidavit of Laura Elizabeth Albright [4.5], counsel for Allstate in this action and the First Action. Albright states that, sometime after Castillo was personally served in this action, Castillo called Albright and asked why Allstate filed a second lawsuit against her.[6] (Albright Aff. ¶ 10). Albright states that she told Castillo it was the same lawsuit that Allstate previously filed, but that the First Action was not valid against Castillo because she had not been properly served in that action. (Id. ¶ 11).

---

[6] Albright states that thought she had perfected service on Castillo in the First Action when Castillo received by certified mail a copy of the petition and summons, and that she only learned that she had not properly served Castillo when the Court issued its January 13, 2012, Order. (Albright Aff. ¶¶ 4-5). Albright states also that Castillo had actual knowledge of the First Action because she spoke with Castillo several times during the First Action and Castillo was told at her April 15, 2011, deposition that her testimony would be used in both the Underlying Action and the First Action. (Id. ¶¶ 6-7).

4

## II. DISCUSSION

### A. Legal Standard

Rule 55(b) of the Federal Rules of Civil Procedure provides:

> (b) Entering a Default Judgment
> (1) *By the Clerk*. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> (2) *By the Court*. In all other cases, the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The Court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the trust of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b). "The entry of a default judgment is committed to the discretion of the district court. . . ." Hamm v. DeKalb Cnty., 774 F.2d 1567, 1576 (11th Cir. 1985), cert denied, 475 U.S. 1096 (1986) (citing 10A Charles Alan Wright, et al., Federal Practice & Procedure § 2685 (1983)). "In considering a motion for entry of default judgment, a court must investigate the legal sufficiency

5

of the allegations of the plaintiff's complaint." Bruce v. Wal-Mart Stores, Inc., 699 F. Supp. 905, 906 (N.D. Ga. 1988).

B. Analysis

In its Petition, Allstate asserts that Castillo owned the Property where the May 9, 2010, accident occurred; that Castillo insured the Property under the Policy issued by Allstate; that Castillo moved to Texas in January, 2009; and that Castillo has continuously rented the property to the Martinez Family since 2006. By her default, Castillo is deemed to have admitted these "well-pleaded allegations of fact." See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[7]

Allstate contends that it is not obligated to provide coverage because the May 9, 2010, accident arose out of Castillo's rental of the property, which constitutes a business activity, and is therefore specifically excluded from coverage.

The Policy disclaims coverage for bodily injury arising from the business activities of an insured person. (Policy at 24, 26). The Policy provides:

---

[7] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

**Coverage X**
**Family Liability Protection**

**Losses We Cover Under Coverage X:**
Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.
…
**Losses We Do Not Cover Under Coverage X:**
. . .
12.    We do not cover bodily injury or property damage arising out of the past or present *business activities* of an insured person.
. . .

**Coverage Y**
**Guest Medical Protection**

**Losses We Cover Under Coverage Y:**
Allstate will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance; hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence causing bodily injury to which this policy applies, and is covered by this part of the policy.

Each person who sustains bodily injury is entitled to this protection when that person is:
1.    on the inured premises with the permission of an insured person;
…

**Losses We Do Not Cover Under Coverage Y:**
. . .
10.    We do not cover bodily injury arising out of the past or present *business activities* of an insured person.

(Policy at 22-24) (emphasis added).

The Policy defines "business" as:

(a) Any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such proposes. The providing of home day care services to other than an insured person or relative of an insured person for economic gain is also a business. However, the mutual exchange of home day care services is not considered a business;

b) *Any property rented or held for rental by an insured person.* Rental of your residence premises is not considered a business when:
   1) it is rented occasionally for residential purposes;
   2) a portion is rented to not more than two roomers or boarders; or
   3) a portion is rented as a private garage.

(Policy at 3) (emphasis added). The Court finds that Castillo's act of renting the Property to the Martinez Family excludes coverage under paragraph 12 of Coverage X and paragraph 10 of coverage Y of the Policy, and Allstate is not obligated to provide indemnification or a defense to Castillo, for any and all claims arising from the May 9, 2010, accident, including those claims asserted by Jenifer Obando and Angel Martinez in the Underlying Lawsuit.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment against Defendant Mayra Castillo [4] is **GRANTED**.

**SO ORDERED** this 30th day of March, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE